UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHANEY LEAVONE NORVELL,<br><br>Plaintiff,<br><br>v.<br><br>D. ROBERTS, et al.,<br><br>Defendants. | No. 2:16-cv-1437 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff challenges the rules violation report ("RVR") he incurred for obstructing a peace officer by refusing housing. Plaintiff appears to argue that defendant Wells falsified information used in the RVR hearing, and that defendant Roberts assigned plaintiff's cellmate based on race rather than compatibility, which plaintiff claims resulted in the RVR, and Roberts isolated two inmates in their cell from program activity on one occasion. Plaintiff alleges that defendant Kiel violated plaintiff's due process rights at the RVR hearing by denying his request for staff assistant and witnesses. In addition, plaintiff contends that on February 9, 2016, defendant Jones violated the prison regulation requiring that when an EOP inmate is under CDCR supervision, the correctional officer must make sure the inmate's mental health is stable at all times. Plaintiff seeks money damages, reinstatement of his lost 3 months, and expungement of the RVR.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-51 (2004). However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 2016 WL 4072465 at *4 (9th Cir. July 26, 2016) (en banc), citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015

1  WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not
2  Heck-barred where "the removal of the rule violation report or the restoration of time credits"
3  would not necessarily result in a speedier release for inmate with indeterminate life sentence and
4  no parole date).

5  Specifically, where the claim involves the loss of good-time credits as a result of an
6  adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520
7  U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural
8  defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
9  sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf.
10 Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule
11 of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the
12 administrative sanction imposed does not affect the overall length of confinement and, thus, does
13 not go to the heart of habeas), cert. denied, 541 U.S. 1063 (2004); see also Wilkerson v. Wheeler,
14 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d
15 992 (9th Cir. 2015) (discussing loss of good-time credits). If a § 1983 complaint states claims
16 which sound in habeas, the court should not convert the complaint into a habeas petition. See id.;
17 Trimble v. City of Santa Rosas, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be
18 dismissed without prejudice and the complaint should proceed on any remaining cognizable
19 § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

20 Here, plaintiff alleges that he was subjected to a disciplinary proceeding that was based on
21 false information, and that he was subjected to a hearing in which proper procedures were not
22 followed, resulting in the loss of three months' credit toward his sentence. Because plaintiff
23 seeks damages for his three months' loss of such credits, any such claim for damages is barred by
24 the favorable termination rule of Heck because a judgment in favor of plaintiff on his claim will
25 necessarily imply the invalidity of the disciplinary action, and plaintiff has not demonstrated that
26 the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared
27 invalid by a state tribunal authorized to make such determination, or called into question by a
28 federal court's issuance of a writ of habeas corpus." See e.g., Cox v. Clark, 321 Fed. App'x 673,

676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to <u>Balisok</u> to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); <u>McCoy v. Spidle</u>, 2009 WL 1287872, *7-*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits.").

Finally, plaintiff's allegation that defendant Jones violated a prison regulation fails to state a federal civil rights claim. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." <u>Sweaney v. Ada County</u>, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996). <u>See also</u> <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). Therefore, the failure of prison officials to follow prison regulations or state law does not rise to the level of a federal civil rights violation.

Based on plaintiff's allegations, it appears that plaintiff's claims should be dismissed without prejudice. However, in an abundance of caution, the court grants leave to file an amended complaint. Plaintiff is not required to amend, but if he chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 11, 2016

/norv1437.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHANEY LEAVONE NORVELL, | No. 2:16-cv-1437 KJN P |
| Plaintiff, | |
| v. | <u>NOTICE OF AMENDMENT</u> |
| D. ROBERTS, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

    _____
    Plaintiff